Ruffin, C. J.
 

 The Court holds the instructions to the jury were right, for the reasons assigned in the Superior Court, and according to the case,
 
 Reed
 
 v.
 
 Schenck, 3
 
 Dev. 45. At first it seemed, that, after so long a reputation as to the corner and lines, founded upon the repeated declarations of the owners near the time of the survey and patent, the jury might and perhaps ought, upon the strength of it, to have found, that in fact the corner tree did stand in the pond, and that there was a mistake in the call for course and distance. The cause might, indeed,
 
 *259
 
 have been put to the jury with express directions, that they might act on those declarations and reputation of the corner tree, as evidence, that it was originally, in fact, as contended for by the defendant, upon the principle laid down in
 
 McNeil
 
 v.
 
 Massey,
 
 3 Hawks 91. But, in truth, the question was left to the jury in that manner, though their action was not, perhaps, called so distinctly to the force of the evidence, as -it might have been. Yet the evidence was left to them, and the point, where the corner really stood, or whether there was any mistake in making it, was one of fact, and proper for the jury; and it was not erroneous to submit the point, with the evidence, without more particular instructions than those given, when they were not requested.
 

 Per Curiam.
 

 Judgment affirmed.